UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

AMY THOMPSON                                                                             PLAINTIFF

V.                                                       CIVIL ACTION NO. 3:25-CV-252-CWR-ASH

MULTI-SOUTH MANAGEMENT                                                                  DEFENDANTS
SERVICES, LLC, ET AL.

ORDER TO SHOW CAUSE

This matter is before the Court *sua sponte* to examine subject-matter jurisdiction. On April 10, 2025, Defendant Multi-South Management Services, LLC ("Multi-South") removed this case to federal court, citing diversity jurisdiction. Notice of Removal [1]. The next day, Multi-South filed its corporate disclosure statement twice. Corp. Disclosure Stmts [4] [5]. As explained below, the Court orders Multi-South to show cause explaining why this case should not be remanded. The Court also orders Multi-South to file a corrected and complete 7.1 disclosure statement pursuant to Federal Rule of Civil Procedure 7.1.

"[F]ederal courts are courts of limited jurisdiction." *Hummel v. Townsend*, 883 F.2d 367, 369 (5th Cir. 1989). And because subject-matter jurisdiction determines the Court's power to adjudicate a case and is non-waivable, "federal courts are duty-bound to examine the basis of subject matter jurisdiction sua sponte . . . ." *Colvin v. LeBlanc*, 2 F.4th 494, 498 (5th Cir. 2021) (quoting *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004)). This is so "even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

Multi-South removed this case on the basis of diversity under 28 U.S.C. § 1332(a)(1), which provides that federal courts have original subject-matter jurisdiction where the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of

1

different states. As the removing party, Multi-South has the burden of establishing jurisdiction. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)). "'[A]nd any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (citation omitted); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

In its Notice, Multi-South says Plaintiff Amy Thompson is a Mississippi citizen. As to its own citizenship, Multi-South says it "is a Tennessee Limited Liability Company with its principal office address at . . . Memphis, TN." Notice [1] ¶ 7. But the state of formation and principal office are irrelevant to an LLC's citizenship. As an LLC, Multi-South was required in its notice of removal to disclose the name and citizenship of its members. *See SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023) (explaining the differences between corporate citizenship and LLC citizenship).

Instead, Multi-South generally says its "members, owners, directors and/or principals of Multi-South are all residents of the state of Tennessee" and identifies a general partnership and three individuals who presumably constitute Multi-South's "members, owners, directors and/or principals." Notice [1] ¶ 7. For example, Multi-South names an "Alex Shores, 3766 Shirlwood, Memphis, TN 38122." But whether Alex Shores is an owner, director, or principal is immaterial. *See SXSW, L.L.C.*, 83 F.4th at 408 (explaining that ownership and membership are not necessarily synonymous). The applicable test is the citizenship of the members.[1] If Alex Shores

---

[1] To be clear, if any of Multi-South's members is an LLC (or any other unincorporated entity), then Multi-South must trace and disclose the citizenship of "every member of every [unincorporated entity]" that is a part of the membership chain. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (quoting *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017)).

2

is a member, Multi-South should say so unambiguously. *Mullins v. Testamerica Inc.*, 300 F. App'x 259, 260 (5th Cir. 2008) ("The basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." (cleaned up) (citation omitted)). Multi-South must likewise clarify for the others—Coda Investments, G.P., Brian Hey, and David L. Shores. Are they members and, if they are, are they the *only* members?

There is yet another problem. Multi-South alleges only the *residence* of Alex Shores, Brian Hey, and David L. Shores; and it alleges only the principal place of business of Coda Investments, G.P.[2] As to each individual, "[c]itizenship is based on domicile, i.e., where an individual resides and intends to remain." *Alphonse v. Arch Bay Holdings, L.L.C.*, 618 F. App'x 765, 767-68 (5th Cir. 2015) (citing *Acridge v. Evangelical Lutheran Good Samaritan Soc'y*, 334 F.3d 444, 448 (5th Cir. 2003)). Residency and citizenship are not interchangeable. *See MidCap Media Finance, L.L.C.*, 929 F.3d at 313. And as to Coda Investments, G.P., because it is a general partnership, its citizenship is derived from that of its partners. *See Wachovia Bank, N.A. v. Colson*, No. 1:09-CV-222-HSO-JMR, 2009 WL 1620464, at *2 n.2 (S.D. Miss. June 9, 2009) ("Because [defendant] is a general partnership, the Court must look to the citizenship of its partners to determine whether there is complete diversity."). Coda Investments, G.P., fails to allege the citizenship of its partners in the notice of removal. It does allege the citizenship of its *general* partners in its Rule 7.1 disclosure statement, but it is unclear whether Multi-South's identification of its "general partners" is the same as identifying its partners. *Compare* Tenn. Code Ann. § 61-1-901(4) ("'Partner' includes both a general partner and a limited partner."),

---

[2] It appears from the Rule 7.1 disclosure statements that these individuals are citizens of Tennessee. It is unclear why this information is omitted from the notice of removal.

*with* § 61-1-901(1) ("'General partner' means a partner in a partnership and a general partner in a limited partnership."). It is also unclear whether the individuals named in the Rule 7.1 disclosure statement are the *only* partners of Coda Investments, G.P.

For these reasons, there are legitimate concerns that the notice of removal fails to satisfy Multi-South's burden to demonstrate its own citizenship for diversity purposes. Multi-South must therefore show cause why this case should not be remanded for a lack of subject-matter jurisdiction.

Turning to the next issue, Federal Rule of Civil Procedure 7.1 and Local Rule 7(c) require a nongovernmental corporation to file with its initial pleading a Rule 7.1 disclosure statement. And effective December 1, 2022, *every* party or intervenor in a case in which jurisdiction is based on diversity must file a disclosure statement in accordance with Rule 7.1(a)(2). That disclosure statement

> must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor:
>
>   (A) when the action is filed or removed to federal court, and
>
>   (B) when any later event occurs that could affect the court's jurisdiction under § 1332(a).

Fed. R. Civ. P. 7.1(a)(2).

On April 11, 2025, Multi-South filed its Rule 7.1 disclosure statement twice, which partially supplements the citizenship allegations provided in its notice. For the reasons already explained above, Multi-South's Rule 7.1 disclosure statement is also incomplete. In particular, it is ambiguous as to which of the named persons are Multi-South's members (as opposed to owners, directors, or principals), and whether the identified "general partners" of Coda Investments, G.P. are its *only* partners. Multi-South must unambiguously say so.

The Court therefore orders Multi-South Management Services, LLC to show cause by April 30, 2025 why this case should not be remanded to the Hinds County Circuit Court for lack of subject-matter jurisdiction. The Court also orders Multi-South to file a corrected and complete Rule 7.1 disclosure statement by April 30, 2025. Failure to respond to this order within the time permitted may result in the entry of an order of remand without further notice.

**SO ORDERED AND ADJUDGED** this the 18th day of April, 2025.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE